# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO.: 1:25CV25759

US HEALTH DRUGSTORE INC., d/b/a/
FRENCH PHARMACY, a Florida
Corporation,

    Plaintiff,

v.

THE INDIVIDUALS, BUSINESS
ENTITIES, and UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

    Defendants.

_____/

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW, Plaintiff, US HEALTH DRUGSTORE INC., d/b/a/ FRENCH PHARMACY, a Florida Corporation ("Plaintiff"), hereby sues Defendants, THE INDIVIDUALS, BUSINESS ENTITIES, and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" (collectively "Defendants"). Defendants are promoting, offering for sale, selling, and/or distributing goods bearing and/or using counterfeits and confusingly similar imitations of Plaintiff's trademarks within this district through various Internet based e-commerce stores operating under the seller names set forth on Schedule "A" (the "E-commerce Store Names"). In support of its claims, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

2. This is an action for damages and injunctive relief for federal trademark counterfeiting and infringement and false designation of origin pursuant to 15 U.S.C. §§ 1114 and 1125(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

3. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district through at least, e-commerce stores accessible and doing business in Florida and operating under their E-commerce Store Names. Alternatively, based on their overall contacts with the United States, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, non-residents in the United States and engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling, and/or shipping infringing products into this district.

## NATURE OF THE ACTION

5. Plaintiff brings this action for federal trademark infringement and false designation of origin, pursuant to 15 U.S.C. §§ 1114 and 1125(a).

6. Plaintiff seeks both monetary and injunctive relief for the irreparable damages that Plaintiff has suffered and continues to suffer as a result of Defendants infringing conduct.

## THE PARTIES

7. Plaintiff is a Florida Corporation, with its principal place of business in Florida and is the owner of the trademark rights asserted in this action.

8. Plaintiff is engaged in the business of developing, manufacturing, and distributing direct to consumers high quality skin care products.

9. Defendants are individuals, business entities of unknown makeup, or unincorporated associations each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those locations to consumers as well as shipping and fulfillment centers, warehouses, and/or storage facilities within the United States to redistribute their products from those locations.

10. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities towards consumers throughout the United States, including within this district, through the simultaneous operation of, at least, their commercial Internet based e-commerce stores under the E-commerce Store Names.

11. Defendants directly engage in unfair competition with Plaintiff by advertising, offering for sale, and selling goods each bearing and/or using counterfeits and infringements of one or more of Plaintiff's trademarks to consumers within the United States and this district through e-commerce stores using, at least, the E-commerce Store Names, as well as additional e-commerce store or seller identification aliases not yet known to Plaintiff. Defendants have purposefully directed some portion of their unlawful activities toward consumers.

12. Defendants have registered, established or purchased, and maintained their Ecommerce Store Names. Defendants may have engaged in fraudulent conduct with respect to

the registration or maintenance of the E-commerce Store Names by providing false and/or misleading information to the relevant e-commerce platforms where they offer to sell and/or sell.

13. Defendants will likely continue to register or acquire new e-commerce store names, or other aliases, as well as related payment accounts, for the purpose of selling and/or offering for sale goods bearing and/or using counterfeit and confusingly similar imitations of one or more of Plaintiff's trademarks unless preliminarily and permanently enjoined.

14. Defendants' E-commerce Store Names, associated payment accounts, and any other alias e-commerce store or seller identification names used in connection with the sale of counterfeit and infringing goods bearing and/or using one or more of Plaintiff's trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement schemes and cause harm to Plaintiff. Moreover, Defendants are using Plaintiff's name and/or trademarks to drive Internet consumer traffic to at least one of their e-commerce stores operating under the Ecommerce Store Names, thereby increasing the value of the E-commerce Store Names and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

15. Upon information and belief, Defendants either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities, and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

**COMMON FACTUAL ALLEGATIONS**

16. Plaintiff is the owner of the FRENCH PHARMACY company and trademark in the United States.

17. Plaintiff is the sole and exclusive owner of the Pharma Developpement brand in the United States.

18. Plaintiff holds joint ownership of the "A313" and "PHARMA DEVELOPPEMENT" trademark (collectively "Plaintiff's Trademarks") in the United States with Pharma Developpment SAS.

19. Plaintiff has the sole and exclusive right to commercialize Plaintiff's Trademarks and Pharma Developpment SAS retains the rights for the sole purpose for aiding in the enforcement and maintenance of the trademark

20. Plaintiff is the only company with the right to import goods bearing Plaintiff's Trademarks in the United States.

21. As such, Plaintiff is the only company which had or has access to the genuine goods sold under the brands "A313" and "PHARMA DEVELOPPEMENT", which are approved for importation and sale into the United States.

22. Importantly, Plaintiff is the only company that is in compliance with the Modernization of Cosmetics Regulation Act of 2022 ("MoCRA").

23. MoCRA is the standard set forth by the FDA to ensure only the highest quality of skin care products are imported into the United States, such as requirements for testing, labeling and facilities that manufacture cosmetic products.

24. Plaintiff's Trademarks are registered with the United States Patent and Trademark Office and are included below.

| Registration Number | Trademark | Registration Date | Goods and Services |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 5,986,240 | A313 | Feb. 11, 2020 | Class 3: Cosmetics |
| 7,348,565 | PHARMA DEVELOPPEMENT | Apr. 02, 2024 | Class 3: Cosmetics |
| 7,153,250 | frenchpharmacy FP | Sep. 05, 2023 | Class 3: Cosmetics |
| Serial No. 97611363 | FRENCHPHARMACY | Application filed on Sep. 28, 2022 | Class 3: Cosmetics |
| Serial No. 97611385 | french pharmacy FP | Application filed on Sep. 28, 2022 | Class 3: Cosmetics |

25. The U.S. registrations for Plaintiff's Trademarks are valid, subsisting, and in full force and effect. The registrations for Plaintiff's Trademarks constitute prima facie evidence of their validity and of Plaintiff's exclusive right to use Plaintiff's Trademarks pursuant to 15 U.S.C. § 1057(b). True and correct copies of the United States Registration Certificates for Plaintiff's Trademarks are attached hereto as **Composite Exhibit "1"**.

26. Plaintiff's Trademarks are exclusive to Plaintiff and are displayed extensively on Plaintiff's Products and in marketing and promotional materials. Plaintiff's Trademarks are also

distinctive when applied to Plaintiff's Products, signifying to the purchaser that the products come from Plaintiff, or its licensees, and are manufactured to Plaintiff's quality standards.

27. Products bearing Plaintiff's Trademarks have been the subject of substantial and continuous marketing and promotion. Plaintiff has marketed and promoted, and continues to market and promote, Plaintiff's Trademarks in the industry and direct to consumers through its website.

## DEFENDANTS' UNLAWFUL CONDUCT

28. Defendants have used online marketplace platforms like Ebay, SheIn, WhaleCo, Inc. ("Temu"), and Walmart, Inc. ("Walmart"), to sell, offer to sell, market, distribute, and advertise cosmetic products under the Plaintiff's Trademarks without Plaintiff's permission ("Infringing Products").

29. Notably, Plaintiff has discovered a multitude of infringing listings on online marketplace platforms, as evidenced by the numerous Defendants listed in Schedule A.

30. Defendants have targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Florida, accept payment in U.S. dollars and, on information and belief, sell Unauthorized Products to residents of Florida.

31. Defendants' listings include photographs copied from Plaintiff's website and placed on infringing listings to advertise and sell products that bear an unauthorized reproduction of Plaintiff's Trademark.

32. For example, below is a photograph used on Plaintiff's website to sell the A313 Product:



*See* French Pharmacy, *A313 Vitamin A Pommade (200,000 UI)*, https://frenchpharmacy.com/products/a313-vitamin-a-pommade-200-000-ui?variant=30691117432921 (last visited Dec. 9, 2025).

33. To compare, below is a photograph commonly used in the Defendants' infringing listings. See example:



*See* Ebay, Pharma Development A313 Retinol Pommade Vitamin A Night Moisturizer 1.76 Fl Oz, https://www.ebay.com/itm/316502076194?_skw=a313&itmmeta=01K843KKX73B47X635NCY0YG6C&hash=item49b0fe6b22:g:Yo8AAOSwD0dn1pZD&itmprp=enc%3AAAQAKAAAAwFkggFvd1GGDu0w3yXCmi1dPPtxNjw1AxhAW%2BPOLdAhPp2aBW5gEY0UwqBzpYRMX0HqY%2Fn1y5aY5c6%2F35elT51jaZGTtei5Lx2OSUwXsM%2BsI%2F889qC1c8uN3zwHqNoP1JB%2FZRONJ2q8oapfSLLEn%2BqvDQ2NCx2PNAG5ENa7xSuGsmnVVhHGda3a2%2F7fqjLoZ48RrB9oxMXNcxNihE2wSDyjzy9L8Pc4YqHHgUhy%2Fzuko64465ovLDEYS8aup128lsQ%3D%3D%7Ctkp%3ABk9SR_6-zoPBZg (last visited Dec. 9, 2025).

34. In addition to the above, there are a multitude of infringing listings by the Defendants' that duplicate photographs created by Plaintiff that include Plaintiff's Trademarks.

35. Notwithstanding Defendants' unauthorized use of Plaintiff's Trademarks, Defendants' Infringing Products are materially different from the high-quality products Plaintiff sells.

36. By way of example, the Infringing Products can often be identified where they bear an incorrect UPC number (often showing either a fabricated UPC number or one used only for international products that are not authorized for the U.S. market) and/or the packaging and labels fail to incorporate proper English language descriptions, instructions, or warnings, and primarily contain only writing in French violating FDA regulations and the Fair Packaging and Labeling Act under the FTC.

37. In addition, the infringing products further differ from the Plaintiff's genuine goods as they often: (1) fail to undergo the strict quality controls, including inspections and handling that are required for distribution in the U.S. market; (2) are non-compliant with MoCRA, administered by the FDA, in violation of federal law; and/or (3) are a prescription strength version of the product which, without close monitoring and instruction from a doctor, can cause significant risk to unknowing consumers.

38. Importantly, Defendants are incapable of providing valid proof of their purchase of genuine A313 goods from Plaintiff.

39. As such, it is impossible for Defendants to avail themselves from the sale of goods using the first sale doctrine.

40. Moreover, it is impossible for Defendants to provide FDA release letters verifying their compliance under MoCRA.

41. Defendants' unauthorized use of Plaintiff's Trademarks in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Florida, is likely to cause, and has caused, confusion, mistake, and deception by and among consumers and is irreparable harming Plaintiff.

42. Plaintiff has no adequate remedy at law.

43. Plaintiff is suffering irreparable injury and has suffered substantial damages because of Defendants' unauthorized and wrongful use of the Plaintiff's Marks. If Defendants' intentional counterfeiting, infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed while Defendants wrongfully earn a substantial profit.

44. The harm and damages sustained by Plaintiff has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

## **COUNT I–TRADEMARK INFRINGEMENT (15 U.S.C. 1114)**

45. Plaintiff incorporates and realleges Paragraphs 1–44 as fully set forth herein.

46. Defendants' unauthorized use in commerce of the Plaintiff's Trademarks, used in connection with cosmetic goods, as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

47. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

48. Upon information and belief, Defendants have committed the foregoing acts of infringement with knowledge of Plaintiff's prior rights in the Trademark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

49. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

50. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II–FALSE DESIGNATION OF ORIGIN (15 U.S.C. 1125(a))

51. Plaintiff incorporates and realleges Paragraphs 1–44 as fully set forth herein.

52. Defendants' unauthorized use in commerce of the Plaintiff's Trademark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

53. Defendants' unauthorized use in commerce of the Plaintiff's Trademark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

54. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

55. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public involves the use of Plaintiff's Trademarks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

56. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

57. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

58. Plaintiff has no adequate remedy at law and has sustained both individual and indivisible injury and damages caused by Defendants' concurrent con

59. duct. Absent an entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages, while Defendants are unjustly profiting.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a. Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing,

counterfeiting, or diluting the Plaintiff's Trademarks; from using the Plaintiff's Trademarks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or design that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff; from falsely representing themselves as being connected with Plaintiff, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Plaintiff; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Plaintiff's Trademarks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff, or in any way endorsed by Plaintiff and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Plaintiff's name or trademarks; and from otherwise unfairly competing with Plaintiff.

b. Entry of a temporary, preliminary, and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority enjoining Defendants and all third parties with actual notice of an injunction issued by the Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using counterfeits of the Plaintiff's Trademarks.

c. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that upon Plaintiff's request, those acting in concert or participation as service providers to Defendants, who have notice of the injunction, cease hosting, facilitating access to, or providing any supporting service to any and all e-commerce stores, including but not limited to the E-commerce Store Names, through which Defendants engage in the promotion, offering for sale and/or sale of goods bearing and/or using counterfeits and/or infringements of the Plaintiff's Trademarks.

d. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, any Internet marketplace website operators, administrators, registrars, and/or top level domain (TLD) Registries for the E-commerce Store Names and any other alias e-commerce store names being used by Defendants who are provided with notice of an injunction issued by the Court identify any e-mail address known to be associated with Defendants' E-commerce Store Names.

e. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority authorizing Plaintiff to serve the injunction on the e-commerce store's registrar(s) and/or the privacy protection service(s) for the E-commerce Store Names to disclose to Plaintiff the true identities and contact information for the registrants of the Ecommerce Store Names.

f. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing Plaintiff to serve an injunction issued by the Court on any e-mail service provider with a request that the service provider permanently suspend the email addresses that are or have been used by Defendants in connection with Defendants' promotion,

offering for sale, and/or sale of goods bearing and/or using counterfeits, and/or infringements of the Plaintiff's Marks.

  g. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority canceling for the life of the current registration or, at Plaintiff's election, transferring the E-commerce Store Names and any other e-commerce store names used by Defendants to engage in their counterfeiting of the Plaintiff Marks at issue to Plaintiff's control so they may no longer be used for unlawful purposes.

  h. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and the Court's inherent authority authorizing Plaintiff to request any Internet search engines or service provider referring or linking users to any Uniform Resource Locator ("URL") of the Ecommerce Store Names, which are provided with notice of the order, to permanently disable, deindex or delist all URLs of the E-commerce Store Names and/or permanently disable the references or links to all URLs of the E-commerce Store Names used by Defendants to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the Plaintiff's Marks, based upon Defendants' unlawful activities being conducted via the E-commerce Store Names as a whole and via any specific URLs identified by Plaintiff.

  i. Entry of an Order pursuant to 15 U.S.C. § 1116 and the Court's inherent authority, requiring Defendants, their agent(s) or assign(s) to instruct the Registrar(s) for each Ecommerce Store Name(s) in writing to permanently close the registration account(s) in which any E-commerce Store Name(s) are located and, if within five (5) days of entry of such Order Defendants fail to make such a written instruction, the Court order the act to be done by another person appointed by the Court at Defendants' expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

j. Entry of an Order requiring, upon Plaintiff's request, Defendants to request in writing permanent termination of any messaging services, e-commerce store names, usernames, and social media accounts they own, operate, or control on any messaging service, ecommerce marketplace, and social media website.

k. Entry of an Order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. §1117, or that Plaintiff be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product type offered for sale or sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

l. Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Plaintiff's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

m. Entry of an Order pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and the Court's inherent authority that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, e-commerce shipping partner, fulfillment center, warehouse, storage facility, or marketplace platforms, and their related companies and affiliates, identify, restrain, and be required to surrender to Plaintiff all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the E-commerce Store Names, or other alias e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

n. Entry of an Order for any and all other relief that this Court may deem just and proper.

Dated this 9th day of December 2025.

Respectfully submitted,

EPGD Attorneys at Law, P.A.
*Attorney for Plaintiff*
777 SW 37th Ave., Ste. 510
Miami, Florida 33135
T: (786) 837-6787
F: (305) 718-0687

By: /s/ Isabella M. Falcon
    Isabella M. Falcon, Esq.
    Florida Bar No.: 1025390
    ifalcon@epgdlaw.com
    samantha@epgdlaw.com
    oscar@epgdlaw.com
    benjamin@epgdlaw.com

## SCHEDULE "A"

**[This page is the subject of Plaintiff's Motion to File Under Seal.  As such, this page has been redacted in accordance with L.R. 5.4(b)(1)]**

**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave., Suite 510, Miami, Florida 33135 • T: (786) 837-6787 F: (305) 718-0687 • www.epgdlaw.com